IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH ESTEP, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>(1) ARGONAUT INSURANCE CO., a )<br>Foreign Corporation; and (2) ARGONAUT )<br>MIDWEST INSURANCE CO., a )<br>Foreign Corporation, )<br>)<br>    Defendants. ) | Case Number CIV-08-79-C |

## MEMORANDUM OPINION AND ORDER

On October 20, 2004, Plaintiff was injured on the job while employed by Franks Tong Service, Inc. He filed a worker's compensation claim against his employer, and the Workers' Compensation Court issued an order awarding Plaintiff temporary total disability benefits. Defendants failed to comply with this order and did not provide Plaintiff with benefits for a period of approximately two months. On January 22, 2008, Plaintiff filed this bad faith action against Defendants. That same day, Defendants paid Plaintiff $4,986.24, the amount of past-due benefits, and since that time have paid Plaintiff all the benefits to which he is entitled.

Defendants filed the present motion for summary judgment, arguing that Plaintiff's claim cannot proceed because he did not certify his compensation award pursuant to 85 Okla. Stat. § 42(A) prior to filing his bad faith claim. Plaintiff, however, argues that

Oklahoma law does not require a compensation award to be certified before a party is entitled to file such a lawsuit, and therefore his claim may proceed.

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the litigation under applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party. Id. The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). When deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

Neither party disputes the assertion that Plaintiff did not certify his compensation award pursuant to 85 Okla. Stat. § 42(A). Accordingly, if such certification is required

before a bad faith claim may be filed, then Plaintiff's complaint fails as a matter of law.

Pursuant to Oklahoma statute:

> If payment of compensation or an installment payment of compensation due under the terms of an award . . . is not made within ten (10) days after the same is due by the employer or insurance carrier liable therefor, the Court may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall have the same force and be subject to the same law as judgments of the district court.

85 Okla. Stat. § 42(A).  In Sizemore v. Continental Casualty Co., 2006 OK 36, 142 P.3d 47, the Oklahoma Supreme Court considered whether Oklahoma law recognized a tort for bad faith against a workers' compensation insurer.  After analyzing the history of such claims and their relation to the Workers' Compensation Act, the court found that the Act did not cover situations where an insurer in bad faith refused to pay a compensation award.  Instead, injured parties retain their common law bad faith tort claim.  The court then went on to state:

> A claimant seeking to enforce an award must first utilize the mechanism provided in section 42(A) of the Act and have the award certified for enforcement.  But if the insurance carrier still refuses to pay the award, . . . an action for the insurer's bad faith refusal to do so will lie in district court.

Id. at ¶ 26.  In its concluding paragraph, the court reiterated that it

> approves and adopts the rule that where a workers' compensation claimant has followed the mechanism for enforcement of an award pursuant to section 42(A) of the Workers' Compensation Act and the insurer fails to act in good faith and deal fairly by paying the award, that failure gives rise to a common law action for bad faith in tort.

Id. at ¶ 29.*

In 2009, the Oklahoma Supreme Court again addressed the issue of certifying workers' compensation awards in Summers v. Zurich American Insurance Co., 2009 OK 33, — P.3d —. Here, the court indicated that Sizemore set forth a "requirement that an award of workers' compensation benefits be certified as unpaid before a claimant may proceed in the district court on a claim against a workers' compensation insurer for its failure to exercise its duty of good faith and fair dealing." Id. at ¶ 1. Because the plaintiff in Summers had met the certification requirement, the court found that her bad faith claim could proceed.

It is clear to this Court that the Oklahoma Supreme Court requires claimants to first certify their workers' compensation awards pursuant to 85 Okla. Stat. § 42(A) before filing

---

* Plaintiff directs the Court to a seemingly contrary portion of the Sizemore order denying petitions for rehearing, which states:

> The parties [sic] argument that the opinion requires that a bad faith tort action may only be maintained after an order of the Workers' Compensation Court has been certified for enforcement in the district court pursuant to 85 O.S. 2001 § 42(A) is without merit. The opinion clearly provides that it is the refusal of the workers' compensation insurer to timely pay an award as finally ordered by the Workers' Compensation Court that gives rise to a common law action for bad faith in tort, and not whether a claimant has sought enforcement in the district court.

Sizemore, 2006 OK 36, 142 P.3d 47, 57. Rather than eliminating the requirement of certification, this provision instead seems to indicate that a claimant is not required to attempt to enforce the compensation order in court prior to filing a bad faith tort claim against an insurer. Further, any ambiguity created in Sizemore is resolved by the court's decision in Summers. There, the court detailed the certification process, stating that once a claimant obtains an order certifying a monetary award, he or she may either file a copy of the certification in district court as a judgment and attempt to execute it, or file a bad faith tort claim. This Court therefore finds Plaintiff's argument unpersuasive.

a bad faith tort claim.  Plaintiff did not obtain such certification before filing his claim and could not now do so because the ordered benefits have all been paid.  His claim is therefore barred as a matter of law.  Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 27) is GRANTED.  Any pending motions are stricken as moot.

    IT IS SO ORDERED this 17th day of August, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge